UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDUARDO REYES-TRUJILLO, GERARDO
SANTIAGO-HERNANDEZ, MIGUEL ANGEL
MARTINEZ-BARRAGAN, SANTOS RUNO-CRUZ,
PABLO MATEO-VELAZQUEZ, and    Case No: 2:20-CV-11692
ANDRES PONCIANO- SERNA,    Hon. Judith E. Levy
   Mag. Steven Whalen

       Plaintiffs,

v.

FOUR STAR GREENHOUSE, INC., a corporation,
and THOMAS SMITH, an individual,

       Defendants/Third-Party Plaintiffs,

v.

VASQUEZ CITRUS & HAULING, INC., a corporation,

       Third-Party Defendant.

---

### DEFENDANTS FOUR STAR GREENHOUSE, INC. AND THOMAS SMITH'S THIRD-PARTY COMPLAINT

---

NOW COME Defendants/Third-Party Plaintiffs, FOUR STAR GREENHOUSE, INC. and THOMAS SMITH (hereinafter referred to as "Four Star Defendants" or "Defendants/Third-Party Plaintiffs"), by and through their attorneys, PLUNKETT COONEY, and pursuant to Rule 14 of the Federal Rules of

Civil Procedure, and for their Third-Party Complaint against Third-Party Defendant VASQUEZ CITRUS & HAULING, INC. ("VCH"), state as follows:

## NATURE OF THE ACTION

1. This is a civil action for indemnification and breach of contract brought by the Four Star Defendants against VCH because VCH's alleged wrongful acts have resulted in a claim against Four Star Defendants and because VCH allegedly breached its contract with Four Star Defendants, and agreed to indemnify the Four Star Defendants from and against any actual or claimed damages arising from VCH's agreement with the Four Star Defendants.

2. Primary Plaintiffs Eduardo Reyes-Trujillo, Gerardo Santiago-Hernandez, Miguel Angel Martinez-Barragan, Santos Runo-Cruz, Pablo Mateo-Velazquez and Andres Ponciano- Serna ("Plaintiffs"), migrant workers from Mexico, filed an action against Four Star Defendants on or about June 25, 2020, wherein they allege, in essensce, that Four Star Defendants violated the Fair Labor Standards Act ("FLSA"), the Trafficking Victims Protection Reauthorization Act ("TVPRA"), the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), and Michigan law, by failing to pay Plaintiff's in accordance with applicable law.  (**Ex. 1,** Plaintiffs' Complaint).

3. Plaintiffs' allegations relate nearly exclusively, if not exclusively, to the alleged actions and inactions of VCH, an entity that Plaintiffs characterize as "Defendants' recruiting agent" throughout their Complaint.

4. VCH agreed, pursuant to its Contract with Four Star Greenhouse, Inc. to comply with Federal and State laws and regulations in all aspects of the business operation and to indemnify and hold harmless and defend Four Star Greenhouse from and against any and all claims resulting or arising out of any claim made by employees, laborers, or agents of VCH as a result of or in connection with the services provided for Four Star Greenhouse. (**Exh. 2.** the "Contract" or the "Agreement").

5. Contemporaneously with the filing of this Third-Party Complaint, Four Star Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), wherein Four Star Defendants expressly deny that they are liable for Plaintiffs' alleged injuries and identify the various ways Plaintiffs have failed to state a claim upon which relief can be granted.

## PARTIES, JURISDICTION, AND VENUE

6. Upon information and belief, Plaintiffs are migrant workers from Mexico who are not residents of the United States or of the State of Michigan. (**Ex. 1,** ¶¶8-9).

7. Four Star Greenhouse, Inc. is a Michigan domestic corporation with a registered principal place of business located at 1015 Indian Trails Rd., Carleton, MI 48117.

8. Thomas Smith is an individual and agent of Four Star Greenhouse, Inc. who is a resident of the State of Florida.

9. VCH is a Florida domestic corporation with a principal place of business located at 70 Harrison Road, Lake Placid, Florida, 33852.

10. This Court has personal jurisdiction over VCH because it engaged in and transacted business in Michigan and entered into the Contract that forms the basis of the claims alleged herein, which was between it and a Michigan domestic corporation and pertained to services performed in Michigan.

11. This Court has original jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §1332 as Four Star Defendants/Third-Party Plaintiffs, Plaintiffs, and Third-Party Defendant VCH are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because Four Star Defendants reside and conduct business in Carleton, Michigan and a substantial part of the activities giving rise to the claims alleged herein occurred in this District.

## COUNT I – CONTRACTUAL INDEMNITY

13. Defendants/Third-Party Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

14. Four Star Greenhouse, Inc. and VCH entered into an express, written contractual agreement ("the Agreement") pursuant to which VCH agreed to indemnify, defend, and hold harmless Four Star Greenhouse, Inc. and its directors, officers, employees, and agents from and against any and all claims, including any claims made by employees, laborers or agents of VCH as a result of or in connection with the performance of services under the Agreement, to the extent such claims are not the result of any act or omission of Four Star Greenhouse, Inc. (**Ex. 2,** Contract, ¶10(2)).

15. The Agreement specifically contemplates the type of claims asserted by Plaintiffs and provides that VCH is required to indemnify, hold harmless and defendant Four Star Greenhouse, Inc. and its directors, officers, employees, and agents from and against, stating any claim for: "[a]ny liability, assessment, interest, penalties, costs and expenses incurred by Four Star Greenhouse, Inc., as a result of a claim that persons supplied by [VCH] to perform services under this Agreement are employees of Four Star Greenhouse, Inc. and not independent contractors of Four Star Greenhouse, Inc., including, without limitations, obligations with respect

5

to compensation or benefits, employment taxes, workers' compensation, unemployment compensation, or discrimination." (**Ex. 2,** ¶10(4)).

16. VCH also agreed to indemnify, hold harmless and defendant Four Star Greenhouse, Inc. and its directors, officers, employees and agents from and against any and all claims related to any claimed act or omission by VCH or any of its directors, officers, employees, or agents pertaining to services under the Agreement. (**Ex. 2,** ¶10(1)).

17. In their Complaint, Plaintiffs allege that VCH violated the Agreement between Four Star Greenhouse, Inc. and VCH in a number of respects by, generally, violating applicable Federal and State employment statutes, including the FLSA.

18. Plaintiffs further allege that they were employees of Four Star Greenhouse, Inc. and not paid all earned wages, as addressed by paragraph 10(4) of the Agreement.

19. Any legal liability that Four Star Defendants theoretically could incur in the underlying lawsuit necessarily arises as a result of VCH's alleged failure to perform its responsibilities pursuant to the Agreement.

20. VCH owes a contractual duty to indemnify Four Star Defendants against all losses incurred in connection with Plaintiffs' Complaint, including but

not limited to all attorney fees and expenses wrongfully incurred by Four Star Defendants.

21. In the event that Four Star Defendants will be found to have any liability to Plaintiffs, which liability is expressly denied, then Four Star Defendants are entitled to full and complete indemnification from VCH from and against any and all liability, including expenses of defending this litigation and attorneys' fees including the full amount and any extent of a judgment rendered against these Defendants/Third-Party Plaintiffs in favor of Plaintiffs in this action.

## COUNT II – BREACH OF CONTRACT

22. Defendants/Third-Party Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

23. Pursuant to the above-referenced Agreement, Third-Party Defendant Vasquez agreed to indemnify and defend Defendants/Third-Party Plaintiffs from the claims made by Plaintiffs. (**Ex. 2,** ¶10).

24. The Agreement is supported by adequate consideration and, therefore, represents a binding contractual commitment.

25. Defendants/Third-Party Plaintiffs satisfied all of their obligations under the terms of the Agreement.

26. VCH breached the Agreement by failing to indemnify and defend Four Star Defendants after receiving notice and Four Star Defendants have been damaged by Third-Party Defendant Vasquez's breach of the Agreement.

27. Furthermore, VCH agreed to comply with Federal and State laws and regulations in all aspects of the business operation, including but not limited to compliance with the AWPA and FLSA, the same laws Plaintiffs claim were violated in their Complaint.

28. Thus, in the event Four Star Defendants are held liable on any theory, the same will be due to the breach of contractual duty owed to Four Star Defendants by VCH, the measure of damage which is any and all sums Four Star Defendants may be required to pay as a consequence of VCH's breaches of its contractual duty to Four Star Defendants.

WHEREFORE, Third-Party Defendants/Third-Party Plaintiffs, pray for a judgment in an amount to be determined as a result of VCH's breach of contract., together with costs and attorneys' fees.

Respectfully Submitted,

BY: */s/ Patrick Lannen*
PLUNKETT COONEY
Courtney Nichols (P75160)
Patrick Lannen (P73031)
Kelly Shefferly (P83036)
Attorneys for Defendants
248-901-4000
cnichols@plunkettcooney.com
plannen@plunkettcooney.com
kshefferly@plunkettcooney.com

## **PROOF OF SERVICE**

The undersigned certifies that on September 16, 2020 a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

- ☐ Hand delivery
- ☐ U.S. Mail
- ☐ Email
- ☐ Overnight mail
- ☐ Facsimile
- ☒ Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

/s/ *Mary Kisell*
Mary Kisell

9