UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Eduardo Reyes-Trujillo, Gerardo Santiago-Hernandez, Miguel Angel Martinez-Barragan, Santos Bruno-Cruz, Pablo Mateo-Velazquez, and Andres Ponciano-Serna, | Case No. 20-11692 |
| | Judith E. Levy |
| | United States District Judge |
| Plaintiffs, | |
| | Mag. Judge R. Steven Whalen |
| v. | |
| Four Star Greenhouse, Inc. and Thomas Smith, | |
| Defendants/ Third-Party Plaintiffs, | |
| v. | |
| Vasquez Citrus & Hauling, Inc., | |
| Third-Party Defendant. | |

_____/

**ORDER GRANTING DEFENDANTS/THIRD-PARTY PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE AND/OR ISSUANCE OF ADDITIONAL SUMMONS [38]**

Before the Court is a motion for alternative service and/or issuance of additional summons filed by Defendants/Third-Party

Plaintiffs Four Star Greenhouse, Inc. and Thomas Smith. (ECF No. 38.) For the reasons set forth below, Defendants/Third-Party Plaintiffs' motion is GRANTED.

## I. Background

Plaintiffs filed their complaint on June 25, 2020 (ECF No. 1), and Defendants/Third-Party Plaintiffs filed a motion to dismiss and a third-party complaint on September 16, 2020. (ECF Nos. 17, 18, 20.) The third-party complaint asserts claims of contractual indemnity (Count I) and breach of contract (Count II) against Third-Party Defendant Vasquez Citrus & Hauling, Inc. (VCH), a Florida corporation. (ECF No. 20.) On October 5, 2020, a third-party summons was issued for VCH. (ECF No. 24.)

In their motion for alternative service and/or issuance of additional summons, Defendants/Third-Party Plaintiffs seek permission from the Court to effectuate service of process on VCH by tacking the third-party summons and complaint to the door of VCH's registered address and to the door of the most recent residential address associated with VCH's Registered Agent and President, Juan Vasquez; mailing the third-party summons and complaint via first class mail to

both of these addresses; publishing a copy of the Court's order once each week for three consecutive weeks in a newspaper in Florida and Michigan; and emailing the third-party summons and complaint, with delivery and return receipt requested, to the email addresses Vasquez used to communicate with Four Star. (ECF No. 38, PageID.452–453, 455.) Defendants/Third-Party Plaintiffs also ask that the Court "issue an additional summons." (*Id.* at PageID.453–456.) They state that Plaintiffs' counsel "indicated they have no objection to this Motion on December 17, 2020." (*Id.* at PageID.452.)

## II. Legal Standard

Under Federal Rule of Civil Procedure 4(m),

> if the summons is not served within 90 days, the court must dismiss the action unless the plaintiff has shown "good cause" for failing to serve within 90 days; then the court may extend the deadline for service. Generally, "good cause" means "a reasonable, diligent effort to timely effect service of process." *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004). Mere "lack of prejudice and actual notice are insufficient," as are "[m]istake of counsel or ignorance of the rules." *Massey v. Hess*, No. 1:05-CV-249, 2006 WL 2370205, at *4 (E.D. Tenn. Aug. 14, 2006) (relying on *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)).

*Johnson v. Smith*, No. 20-5505, 2021 WL 289316, at *1 (6th Cir. Jan. 28, 2021). The Court has noted that "there is no time limit set forth in

3

the Federal Rules of Civil Procedure for service of a Third-Party Complaint."[1] *S. Macomb Disposal Auth. v. Model Dev., LLC*, No. 11-CV-12715, 2013 WL 607840, at *8 (E.D. Mich. Feb. 19, 2013). But courts in other districts have applied Rule 4(m) to service of process of a third-party complaint. *See United States v. Deuerling*, No. CV 14-642, 2018 WL 558516, at *2 n.3 (W.D. Pa. Jan. 25, 2018) ("Rule 4(m) applies to service of third party complaints brought under Rule 14(a)." (citing *Roberts v. Leasure*, No. 05-3495, 2006 WL 1967335, at *3 (E.D. Pa. July 11, 2006)); *U.S. Bank Nat'l Ass'n v. Collins-Fuller T.*, No. 12 C 5057, 2015 WL 1089328, at *7 (N.D. Ill. Mar. 9, 2015) ("Under Rule 4, service of process must be completed within [90] days from the filing of a complaint, including a third-party complaint." (internal citations omitted)), *aff'd sub nom. U.S. Bank Nat'l Ass'n v. Collins- Fuller T.*, 831

---

[1] Federal Rule of Civil Procedure 14, entitled "Third-Party Practice," states in subsection (a)(1), which addresses the timing of the summons and complaint:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1). In this case, Defendants/Third-Party Plaintiffs were not required to seek the Court's leave to file their third-party complaint because they filed it on the same day that they filed their motion to dismiss.

F.3d 407 (7th Cir. 2016); *MSC Mediterranean Shipping Co., S.A. v. CTS Glob. Logistics (Ga.), Inc.*, No. CV 16-9477 FMO (JEMx), 2017 WL 6940523, at *1 (C.D. Cal. June 19, 2017) (requiring compliance with Rule 4(m) for service of a third-party complaint).

Federal Rule of Civil Procedure 4(h) provides in relevant part that a domestic or foreign corporation . . . must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1). Federal Rule of Civil Procedure 4(e)(1), in turn, states that "an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the

district court is located or where service is made."[2] Fed. R. Civ. P. 4(e)(1).

In Michigan, service of process is governed by Michigan Court Rule 2.105. Subsection (D) provides that a private domestic or foreign corporation may be served by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate

---

[2] The Court is located in the State of Michigan, and service on VCH was attempted in the State of Florida. Defendants/Third-Party Plaintiffs reference § 48.081 of the Florida Statutes, which governs service of process on a corporation, in a single sentence of their motion. (*See* ECF No. 38, PageID.449.) They state that they seek relief pursuant to, and that the "most controlling and/or most appropriate authority for the relief requested" is, Federal Rule of Civil Procedure 4(h) and Michigan Court Rules 2.105 and 2.106. (*See id.* at PageID.448, 454.) As a result, the Court analyzes their motion under Michigan law and not Florida law.

6

corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if

> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>
> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>
> (c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D). "Michigan law requires corporations to be 'personally' served." *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, No. 19-10485, 2020 WL 3893038, at *7 (E.D. Mich. July 10, 2020).

Michigan Court Rule 2.105(I) provides that the court may exercise its discretion to allow substituted service in certain circumstances:

> (1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> (2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present

7

address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

(3) Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. R. 2.105(I).

Publication is an acceptable form of substituted service in Michigan. *See* Mich. Ct. R. 2.105(I), 2.106(A). Under Michigan Court Rule 2.106(D),

> [i]f the court orders notice by publication, the defendant shall be notified of the action by
>
> (1) publishing a copy of the order once each week for 3 consecutive weeks, or for such further time as the court may require, in a newspaper[3] in the county where the

---

[3] Michigan Court Rule 2.106(F) defines "newspaper" as follows:

(1) The term "newspaper" as used in this rule is limited to a newspaper published in the English language for the dissemination of general news and information or for the dissemination of legal news. The newspaper must have a bona fide list of paying subscribers or have been published at least once a week in the same community without interruption for at least 2 years, and have been established, published, and circulated at least once a week without interruption for at least 1 year in the county where publication is to occur.

(2) If no newspaper qualifies in the county where publication is to be made under subrule (D)(1) the term "newspaper" includes a newspaper

> defendant resides, if known, and if not, in the county where the action is pending; and
>
> (2) sending a copy of the order to the defendant at his or her last known address by registered mail, return receipt requested, before the date of the last publication. If the plaintiff does not know the present or last known address of the defendant, and cannot ascertain it after diligent inquiry, mailing a copy of the order is not required. The moving party is responsible for arranging for the mailing and proof of mailing.

Mich. Ct. R. 2.106(D). *See Minn. Life Ins. Co. v. Elizabeth M. Kennedy Irrevocable Life Ins. Tr. Dated Mar. 6, 1981*, No. 17-CV-11971, 2017 WL 11319303, at *2 (E.D. Mich. Oct. 18, 2017) (granting the plaintiff's motion for alternative service and permitting service by publication in a newspaper in two counties under Michigan Court Rules 2.105(I)(1) and 2.106(D)(1) because the plaintiff "has acted with diligence" in its service attempts and its request to serve by publication "appears 'reasonably calculated to give [the defendant] actual notice of the proceedings and an opportunity to be heard'").

---

> that by this rule is qualified to publish notice of actions commenced in an adjoining county.

Mich. Ct. R. 2.106(F).

9

In addition, "[t]acking a copy of the summons and complaint to the door of the address of a defendant may be considered a 'manner reasonably calculated to give the defendant actual notice,' especially when accompanied by a mailing." *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, No. 11-13101, 2011 WL 5599388, at *1 (E.D. Mich. Nov. 16, 2011) (citing *Dehaan v. Tsarnas*, No. 289967, 2010 WL 2384921, at *4 (Mich. Ct. App. June 15, 2010) (per curiam); *Bennett v. Davidson*, No. 250694, 2005 WL 1123603, at *1 (Mich. Ct. App. May 12, 2005) (per curiam)). In *Steele-El v. Valvoline Instant Oil Change*, the Court allowed the plaintiff to effectuate service by "tacking or firmly affixing [the service documents] to the door" of the defendant's verified current home address, and by sending the documents via first class and certified mail to that address, because "the interests of justice favor an order allowing Plaintiff to use an alternate method of service with respect to [that defendant]." *Steele-El v. Valvoline Instant Oil Change*, No. 18-12277, 2019 WL 4640348, at *8 (E.D. Mich. Sept. 24, 2019). The Court concluded that

> [b]ased on the representations of Plaintiff, . . . service of process upon [the defendant] cannot reasonably be made as provided in Rule 4(e) or M.C.R. 2.105(A) [for serving an individual], and service of process may be made in a manner

10

> which is reasonably calculated to give [the defendant] actual notice of the proceeding and an opportunity to be heard.

*Id. See Live Face on Web, LLC v. Stahold Corp.*, No. 17-13918, 2018 WL 3363727, at *1, *3 (E.D. Mich. July 10, 2018) (allowing alternative service on the defendants—a corporation and an individual—in part, by posting the service documents at the home of the individual defendant, who was also the corporate defendant's registered agent for service of process, and by mailing the documents via first class and certified mail to various addresses).

Moreover, "[i]n cases where Defendants have conducted business online, via email, or other electronic means, courts in this Circuit have permitted service of process by email and other alternative methods." *Clarity Sports Int'l, LLC v. Redland Sports*, No. 20-51484, 2021 WL 228896, at *3 (E.D. Mich. Jan. 22, 2021) (quoting *N. Atl. Operating Co., Inc. v. Babenko*, No. 15-14013, 2016 WL 9445919, at *1 (E.D. Mich. May 6, 2016)) (allowing "email service" because the plaintiff "has adequately shown that [it] . . . is reasonably calculated to give . . . actual notice").

"In Michigan, substituted service 'is not an automatic right.'" *Interstate Asphalt Holdings LLC v. Spry*, No. 20-CV-12755, 2020 WL 7338566, at *2 (E.D. Mich. Dec. 14, 2020) (quoting *Krueger v. Williams*,

11

410 Mich. 144, 159 (1981)). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* (quoting *Krueger*, 410 Mich. at 168). As noted, alternative service under Michigan Court Rule 2.105(I)(1) "may only be ordered upon 'a showing that service of process cannot reasonably be made as provided' otherwise." *Macomb Interceptor Drain Drainage Dist.*, 2011 WL 5599388, at *1 (quoting Mich. Ct. R. 2.105(I)(1)). "To obtain permission for alternate service, the plaintiff must establish (1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice." *Live Face on Web, LLC*, 2018 WL 3363727, at *2 (quoting *United States v. Szaflarski*, No. CIV. 11-10275, 2011 WL 2669478, at *1 (E.D. Mich. July 7, 2011)).

### III. Analysis

The Court grants Defendants/Third-Party Plaintiffs permission to execute service of process through the proposed alternative methods and to request an additional third-party summons from the Clerk's Office because they have made the necessary showings entitling them to relief under the Federal Rules of Civil Procedure and Michigan law.

Defendants/Third-Party Plaintiffs ask that the Court permit alternative service and "issue a second summons" because "despite their best and reasonable efforts, . . . they have not been able to serve VCH via certified mail[4] or personal service and personal service on VCH's Resident Agent and President, Juan Vazquez, appears impracticable (if not impossible) at this time." (ECF No. 38, PageID.454.) Defendants/Third-Party Plaintiffs indicate that they made several unsuccessful attempts to serve Vasquez at multiple addresses via certified mail and then personally through a retained process server. (*See id.* at PageID.449.)

Regarding their service attempts through certified mail, Defendants/Third-Party Plaintiffs state that they attempted to serve Vasquez "at [VCH's] registered address of 70 Harrison Road, Lake Placid, FL 33852 via certified mail, as well as two other addresses

---

[4] The Court has stated that "certified mail is not a proper way to serve a corporation in Michigan." *Nieves v. Kiekert AG*, No. 20-11467, 2020 WL 6335993, at *3 (E.D. Mich. Oct. 29, 2020) (collecting cases). Similarly, a federal district court in Florida has stated that "service of process on a corporation by certified mail . . . is not proper under either Fed. R. Civ. P. 4(h) or Florida law." *Ripps v. JPM Chase Bank N.A.*, No. 5:12-cv-396-Oc-10PRL, 2012 WL 12909903, at *2 (M.D. Fla. Dec. 6, 2012) (internal citations omitted). However, there is no challenge to Defendants/Third-Party Plaintiffs' attempts to serve VCH by certified mail, so the issue of whether these attempts were improper is not before the Court.

13

previously associated with VCH and/or Mr. Vasquez." (*Id.*) Defendants/Third-Party Plaintiffs provide a copy of the State of Florida Division of Corporations website, which indicates that VCH is a "Florida Profit Corporation" with "Inactive" status. (ECF No. 38-3, PageID.462.) The "Last Event," recorded on September 25, 2020, is "Admin Dissolution for Annual Report."[5] (*Id.*) According to this website, VCH's "Principal Address" and "Mailing Address" is 70 Harrison Road, Lake Placid, FL 33852. (*Id.*) Its "Registered Agent Name & Address" is "Vasquez, Juan" at the same 70 Harrison Road address. (*Id.*) Under a heading entitled "Officer/Director Detail," the "Name & Address" that appear are "Vasquez, Juan" at the 70 Harrison Road address. (*Id.* at PageID.462–463.)

Defendants/Third-Party Plaintiffs also provide a sworn "Affidavit of Non-Service" signed by Guy W. Allen, the process server they retained. (ECF No. 38-4, PageID.465–466.) Allen states that he "non-served" the third-party summons and complaint "for the reason that I

---

[5] Section 617.1420 of the Florida Statutes, entitled "Grounds for administrative dissolution," states that one reason "[t]he Department of State may commence a proceeding under s. 617.1421 to administratively dissolve a corporation" is if "[t]he corporation has failed to file its annual report and pay the annual report filing fee by 5 p.m. Eastern Time on the third Friday in September." Fla. Stat. § 617.1420(1)(a) (2020).

14

failed to find [VCH] or any information to allow further search." (*Id.* at 465.) Allen indicates that he unsuccessfully attempted to serve VCH on four occasions and at three different addresses. On December 8, 2020, he attempted service at 70 Harrison Road, Lake Placid, FL 33852, but that "address is now Hathaways Tree Farm and Landscaping," which is "not affiliated with [VCH]." (*Id.*) That same day, he also attempted service at 265 Sheppard Road, Lake Placid, FL 33852, where he found that the "[h]ome is vacant, [there is an] overgrown yard, [there is] no power [and] no furnishings in [the] home." (*Id.*) He "spoke to [a] next-door Neighbor who stated he has not seen any one [sic] at the property for several months." (*Id.*) On December 11, 2020, Allen attempted service at 239 Baltimore Way, Lake Placid, FL 33852, but there was "[n]o answer, no vehicles in [the] driveway," and he left a card on the front door. (*Id.*) On December 12, 2020, Allen returned to the 239 Baltimore Way address. (*Id.*) He "spoke to tenant Isabel Suarez who stated Juan Vasquez does not live at the given address. Isabel stated she has lived at the given address for 14 years and does not know anyone named Juan Vasquez or Vasquez Citrus and Hauling." (*Id.*)

The information Defendants/Third-Party Plaintiffs submitted demonstrates that despite their diligent attempts to serve VCH, "service of process cannot reasonably be made as provided" by the applicable rules, and the proposed alternative methods—service by tacking, first class mail, publication, and email with delivery and return receipt requested[6]—appear "reasonably calculated to give [VCH] actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1). Defendants/Third-Party Plaintiffs have also shown "good cause" to extend the summons issued for VCH, which they indicate expired on January 5, 2021.[7] Fed. R. Civ. P. 4(m); (ECF No. 38,

---

[6] The Court notes that Defendants/Third-Party Plaintiffs' proposed service of process by email is to two email addresses Vasquez used to correspond with Four Star. (*See* ECF No. 38, PageID.452–453, 455.) It is reasonable to conclude that Vasquez used these email addresses, whose usernames are "vasquezcitrus," for business purposes. Defendants/Third-Party Plaintiffs indicate in the third-party complaint that they and VCH conducted business together. (*See* ECF No. 20.) Exhibit 2 to the third-party complaint is a November 2017 "Contract for Services" signed by Smith on behalf of Four Star (identified as the "Service Recipient") and by Vasquez on behalf of VCH (identified as the "Service Provider"). (*See* ECF No. 20-2; *id.* at PageID.231, 235.)

[7] Defendants/Third-Party Plaintiffs do not explain why the third-party summons issued for VCH on October 5, 2020 expired on January 5, 2021. They presumably reached this conclusion by applying the ninety-day service deadline that appears in Federal Rule of Civil Procedure 4(m). As noted, the Federal Rules of Civil Procedure do not impose a deadline for serving a third-party summons and complaint, *see S. Macomb Disposal Auth. v. Model Dev., LLC*, No. 11-CV-12715, 2013 WL 607840, at *8 (E.D. Mich. Feb. 19, 2013), but federal district courts in

16

PageID.448.) Accordingly, Defendants/Third-Party Plaintiffs' motion is granted.

## IV. Conclusion

For the reasons set forth above, it is ORDERED that Defendants/Third-Party Plaintiffs' motion for alternative service and/or issuance of additional summons is GRANTED. Defendants/Third-Party Plaintiffs must make the appropriate request to the Clerk's Office for a new third-party summons to be issued.

Defendants/Third-Party Plaintiffs may effectuate service of process of the third-party summons and complaint upon VCH by:

(1) tacking the third-party summons and complaint to the door of VCH's registered address at 70 Harrison Road, Lake Placid, FL 33852;

---

Pennsylvania, Illinois, and California have applied Rule 4(m) to calculate the deadline for serving a third-party complaint. *See United States v. Deuerling*, No. CV 14-642, 2018 WL 558516, at *2 n.3 (W.D. Pa. Jan. 25, 2018); *U.S. Bank Nat'l Ass'n v. Collins-Fuller T.*, No. 12 C 5057, 2015 WL 1089328, at *7 (N.D. Ill. Mar. 9, 2015), *aff'd sub nom. U.S. Bank Nat'l Ass'n v. Collins- Fuller T.*, 831 F.3d 407 (7th Cir. 2016); *MSC Mediterranean Shipping Co., S.A. v. CTS Glob. Logistics (Ga.), Inc.*, No. CV 16-9477 FMO (JEMx), 2017 WL 6940523, at *1 (C.D. Cal. June 19, 2017). In this case, Defendants/Third-Party Plaintiffs have shown "good cause" entitling them to an extension under Rule 4(m). The Court grants this portion of their unopposed motion so that they can make the appropriate request to the Clerk's Office for a new third-party summons.

17

(2) tacking the third-party summons and complaint to the door of the most recent residential address associated with Vasquez at 239 Baltimore Way, Lake Placid, FL 33852;

(3) mailing the third-party summons and complaint via first class mail to both addresses identified above (VCH's registered address and the most recent residential address associated with Vasquez);

(4) publishing a copy of this order once each week for three consecutive weeks in a newspaper in Highlands County, Florida (where VCH's registered address and the most recent residential address associated with Vasquez are located) and Washtenaw County, Michigan (where this action is pending)[8]; and

(5) emailing the third-party summons and complaint, with delivery and return receipt requested, to the email addresses Vasquez used to communicate with Four Star: vasquezcitrus@gmail.com and vasquezcitrus@live.com.

For each method used, Defendants/Third-Party Plaintiffs must file proof of service promptly with the Court.[9]

IT IS SO ORDERED.

Dated: February 12, 2021                    s/Judith E. Levy

---

[8] In addition to publishing the Court's order, Defendants/Third-Party Plaintiffs must include any text in the publication necessary to comply with Michigan Court Rule 2.106(C)(1)(a)–(e). The Court waives the mailing requirement in Michigan Court Rule 2.106(D)(2). *See* Mich. Ct. R. 2.106(B), (D).

[9] In filing proof of service by publication with the Court, Defendants/Third-Party Plaintiffs must do so as set forth in Michigan Court Rule 2.106(G).

Ann Arbor, Michigan

JUDITH E. LEVY
United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 12, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
