# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| EDUARDO REYES-TRUJILLO, GERARDO SANTIAGO-HERNANDEZ, MIGUEL ANGEL MARTINEZ-BARRAGAN, SANTOS BRUNO-CRUZ, PABLO MATEO-VELAZQUEZ, and ANDRES PONCIANO- SERNA, <br><br> Plaintiffs, <br><br> v. <br><br> FOUR STAR GREENHOUSE, INC., a corporation, and THOMAS SMITH, an individual, <br><br> Defendants, <br><br> v. <br><br> VASQUEZ CITRUS & HAULING, INC. a corporation, <br><br> Third-Party Defendant. | Civil Action <br> No: 5:20-CV-11692 <br> Hon. Judith E. Levy |

## STIPULATED ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION

This matter has come before the Court on the stipulation of Defendants Four Star Greenhouse, Inc. ("Four Star") and Thomas Smith (collectively, "Defendants") and Eduardo Reyes-Trujillo, Gerardo Santiago-Hernandez, Miguel Angel Martinez-Barragan, Santos Bruno-Cruz, Pablo Mateo-Velazquez, and Andres Ponciano-Serna, individually and putatively on behalf of similarly situated individuals ("Plaintiffs," and collectively with the Defendants, the "Parties"), and

the Parties having stipulated to this Order for the Protection of Confidential Information ("Protective Order"), the Court hereby orders as follows:

1. For purposes of this Protective Order, Confidential Information is information, documents, or discovery responses that are related to Plaintiffs' immigration status.

    a. "[I]nformation, documents or discovery responses" shall include, but not be limited to, documents and tangible things, responses to requests for production of documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries or compilations.

    b. "[R]elated to Plaintiffs' immigration status" may include, but is not limited to, past or current immigration or residency status, involvement in any immigration related proceedings or applications, travel to and from the United States, filings with government agencies that include or relate to immigration status, or any document containing sensitive personal identifiers such as passport, visa, social security, or ITIN numbers or place of birth or current address.

**Designation of Confidential Information**

2.  Plaintiffs may designate Confidential Information by stamping or otherwise marking (in such manner as will not interfere with the legibility of the document) each page of a document containing Confidential Information with the notation "CONFIDENTIAL."

3.  Any information or data that is not reduced to documentary, tangible, or physical form, or that is otherwise not readily designated as "CONFIDENTIAL," may be designated as Confidential Information by informing counsel for the Parties in writing that it is Confidential Information.

4.  Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Confidential Information shall also be treated as confidential pursuant to this Protective Order.

**<u>Confidential Deposition Testimony</u>**

5.  In the event deposition testimony concerns matters that Plaintiffs deem Confidential Information, Plaintiffs may designate that portion of the transcript as such (a) during the course of the deposition (in which case participation in that portion of the deposition may be limited to those persons who are authorized to receive such information pursuant to this Protective Order) or (b) by written designation made within fifteen (15) days of receipt of the relevant transcript. The 15-day period is subject to enlargement or shortening either by consent of all interested entities, such consent not to be unreasonably withheld, or by order of the

Court. The Parties shall treat each deposition transcript as if designated "CONFIDENTIAL" until the period for the confidentiality designation of such transcript has expired, after which time the Parties shall honor all confidentiality designations in such transcript as provided in this Protective Order.

**Use of Confidential Information**

6. Confidential Information shall not be disclosed to anyone other than:

    a. Counsel for the Parties, including paralegals and administrative support staff and who have agreed to be bound by the Protective Order;

    b. The Parties in this litigation, who have agreed to be bound by the Protective Order;

    c. The Court and its personnel;

    d. Court reporters and other personnel engaged to record depositions;

    e. Any expert, consultant, translator, interpreter, investigator, and/or medical expert retained by either of the Parties in connection with this litigation;

    f. Third-party contractors and their employees retained to provide document management and trial presentation services for this litigation;

    g. Other persons upon order of the Court.

7. All Confidential Information received or obtained by a party shall be used solely for purposes of this litigation pursuant to the terms of this Protective Order. The Parties may use Confidential Information only to obtain information relevant (as defined by Fed. R. Civ. P. 26(b)(1)) to the claim or defense of any Party. The Parties shall take all reasonable efforts to avoid inadvertent disclosure of Confidential Information.

8. Nothing in this Protective Order shall preclude Plaintiffs, as the designating party, from using their own Confidential Information for any lawful purpose.

**Objections to Designation as Confidential**

9. If a party believes that a designation of any documents, information or discovery responses as Confidential Information is unwarranted, it may inform the designating party in writing within thirty (30) days of receipt of the document, information or response. Upon receiving the written objection, both parties shall negotiate in good faith to resolve their differences.

10. Failing agreement, the objecting party may file a motion with the Court for ruling on its objection. The burden of proving a designation of confidentiality, however, shall remain with the designating party.

11. Documents, information or discovery responses designated as "CONFIDENTIAL" shall be treated as such under to the terms of this Protective

Order until the designating party agrees to de-designate such documents or by Order of the Court.

**Filing and Use of Confidential Information in Court.**

12. If Defendants seek to file Confidential Information with the Court, prior to filing, Defendants will give 15 days' notice to Plaintiffs as the designating party and make a good faith and reasonable effort to come to an agreement on the redaction of sensitive information related to Plaintiffs' immigration status.

13. If the Parties do not agree on redaction within 15 days, Defendants will coordinate with Plaintiffs as the designating party to provide to the Court, either by motion or proposed stipulated order, the Parties' positions regarding sealing in compliance with Local Rule 5.3. The Parties agree not to file any Confidential Information with the Court unless and until the motion or stipulated order under L.R. 5.3 is ruled on by the Court, or the Parties reach an alternative agreement on the treatment of such Confidential Information.

14. The Parties further agree and acknowledge that the use or disputed filing of Confidential Information in this case (in any manner inconsistent with this Protective Order) and/or the use of same in connection with any deposition, hearing, trial, or other proceeding shall not constitute a waiver of or prejudice any party's right to claim that the materials are confidential or otherwise entitled to protection.

15. Nothing contained in this Protective Order shall affect the right of any party or producing entity to make any objection, claim privilege, or otherwise contest any request for production of documents, subpoena, interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall constitute an admission or waiver, in whole or in part, of any claim, privilege, or defense by any party or producing entity.

**Effect of Protective Order after Termination of this Action**

16. After termination of this action, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of information of any type for enforcement of the provisions of this Protective Order following termination of this litigation.

17. This Protective Order shall have no effect on whether a document or information is discoverable. This Protective Order shall not be used as a basis to expand the scope of discovery permitted by applicable law. Any agreement of the parties embodied in this Protective Order does not constitute an admission or agreement that any document or information designated CONFIDENTIAL by a party is: (a) is entitled to any confidentiality; (b) is competent, relevant, or

material; (c) is subject to discovery; or (d) is admissible as evidence in this case. Designation of any information subject to this Protective Order shall have no meaning or effect with respect to the substantive issues in this proceeding for the claims or defenses of any party hereto.

This Order is effective as of the dated signed by the Court.

IT IS SO ORDERED.

Date: April 19, 2021

s/Judith E. Levy
United States District Judge

Respectfully submitted,

Dated: April 14, 2021

**MICHIGAN IMMIGRANT RIGHTS CENTER**
*/s/ Anna M. Hill*
Anna M. Hill (P78632)
ahill@michiganimmigrant.org
Diana E. Marin (P81514)
dmarin@michiganimmigrant.org
15 S Washington Street, Suite 201
Ypsilanti, MI 48197
Telephone: (734) 239-6863
Facsimile: (734) 998-9125

**FARMWORKER LEGAL SERVICES**
*/s/ M. Olivia Villegas*
M. Olivia Villegas (P83628)
ovillegas@farmworkerlaw.org
Kara Moberg (P73820)
kmoberg@farmworkerlaw.org
350 E. Michigan Avenue, Suite 310
Kalamazoo, MI 49007
Telephone: (269) 492-7190
Facsimile: (269) 492-7198

**CENTRO DE LOS DERECHOS DEL MIGRANTE, INC.**
*/s/ Benjamin Richard Botts*
Benjamin Richard Botts
California Bar No. 274542
ben@cdmigrante.org
Julie Pittman
New York Bar
julie@cdmigrante.org
822 Guilford Ave #970
Baltimore, MD 21202
Telephone: (855) 234-9699
Facsimile: (443) 817-0806

*Attorneys for Plaintiffs*

**PLUNKETT COONEY**
BY: */s/ Courtney Nichols*
Courtney Nichols (P75160)
Patrick Lannen (P73031)
Kelly Shefferly (P83036)
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Telephone: (248) 901-4000
Facsimile: (248) 901-4040
cnichols@plunkettcooney.com
plannen@plunkettcooney.com
kshefferly@plunkettcooney.com

*Attorneys for Defendants/Third-Party Plaintiff*

9