## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Eduardo Reyes-Trujillo, Gerardo Santiago-Hernandez, Miguel Angel Martinez-Barragan, Santos Bruno-Cruz, Pablo Mateo-Velazquez, and Andres Ponciano-Serna,

                  Plaintiffs,

v.

Four Star Greenhouse, Inc. and Thomas Smith,

                  Defendants/
                  Third-Party
                  Plaintiffs,

v.

Vasquez Citrus & Hauling, Inc.,

                  Third-Party
                  Defendant.

_____/

Case No. 20-11692

Judith E. Levy
United States District Judge

Mag. Judge R. Steven Whalen

## ORDER GRANTING DEFENDANTS/THIRD-PARTY PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT [50]

Before the Court is a motion for entry of default filed by

Defendants/Third-Party Plaintiffs Four Star Greenhouse, Inc. and

Thomas Smith. (ECF No. 50.) Defendants/Third-Party Plaintiffs ask that "the Court direct the Clerk of the Court to enter a Default as to [Third-Party Defendant] Vasquez Citrus & Hauling, Inc." pursuant to Federal Rule of Civil Procedure 55(a). (*Id.* at PageID.640.) For the reasons set forth below, Defendants/Third-Party Plaintiffs' motion for entry of default is GRANTED.

Defendants/Third-Party Plaintiffs filed a third-party complaint on September 16, 2020. (ECF Nos. 17, 20.) The third-party complaint asserts claims of contractual indemnity (Count I) and breach of contract (Count II) against Third-Party Defendant, a Florida corporation. (ECF No. 20.) On October 5, 2020, a third-party summons was issued for Third-Party Defendant. (ECF No. 24.) On February 12, 2021, the Court granted Defendants/Third-Party Plaintiffs' motion for alternative service and/or issuance of additional summons (ECF No. 43), and a new third-party summons was issued for Third-Party Defendant on February 16, 2021. (ECF No. 44.) Defendants/Third-Party Plaintiffs indicate in their motion for entry of default that:

> 2. The Summons and Third-Party Complaint were served pursuant to this Honorable Court's February 12, 2021 Order Granting Defendants/Third-Party Plaintiffs' Motion for Alternate Service (ECF No. 43) via first class mail, electronic

2

mail and publishing in two newspapers. Certificates of Service were filed on March 2, 202[]1 (ECF No. 45) and April 23, 2021 (ECF No. 49).

3. As of the date of this Motion for Entry of Default, [Third-Party Defendant] has not filed an answer or other response.

(ECF No. 50, PageID.640.)

The certificate of service filed on March 2, 2021 indicates that on February 16, 2021, the third-party complaint, the third-party summons, and the Court's February 12, 2021 order were served (1) "[v]ia 1st class mail to VASQUEZ CITRUS & HAULING, INC. c/o its Registered Agent, Juan Vasquez at 70 Harrison Road, Lake Placid, FL 33852" and "at 239 Baltimore Way, Lake Placid, FL 33852"; and (2) "[v]ia . . . electronic mail to VASQUEZ CITRUS & HAULING, INC. c/o its Registered Agent, Juan Vasquez at vasquezcitrus@gmail.com" and "at vasquezcitrus@live.com." (ECF No. 45, PageID.620–621.) In addition, the certificate of service filed on April 23, 2021 indicates that the third-party complaint, the third-party summons, and the Court's February 12, 2021 order were served (1) "[v]ia publishing in the Ann Arbor News, located in Washtenaw County, Michigan," on April 1, 2021, April 8, 2021, and April 15, 2021; and (2) "[v]ia publishing in the Highland

3

News-Sun, located in Highlands County, Florida," on March 30, 2021, April 6, 2021, and April 13, 2021. (ECF No. 49, PageID.637–638.)

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[1] Fed. R. Civ. P. 55(a). And Eastern District of Michigan Local Rule 55.1 provides:

> Requests for, with affidavits in support of, a Clerk's Entry of Default shall contain the following information:
>
> (a) A statement identifying the specific defendant who is in default.
>
> (b) A statement attesting to the date the summons and complaint were served upon the defendant who is in default.
>
> (c) A statement indicating the manner of service and the location where the defendant was served.

E.D. Mich. LR 55.1.

Because Defendants/Third-Party Plaintiffs have provided the information listed in Local Rule 55.1 for purposes of requesting a

---

[1] The Court notes that "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." 10A Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2682 (4th ed. 2021).

Clerk's Entry of Default, Defendants/Third-Party Plaintiffs' motion for entry of default is GRANTED. Accordingly, IT IS ORDERED that the Clerk's Office is directed to enter a default against Third-Party Defendant.

IT IS SO ORDERED.

Dated: September 8, 2021          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 8, 2021.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager