## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EDUARDO REYES-TRUJILLO, GERARDO
SANTIAGO-HERNANDEZ, MIGUEL ANGEL
MARTINEZ-BARRAGAN, SANTOS BRUNO-CRUZ,
PABLO MATEO-VELAZQUEZ, and ANDRES
PONCIANO- SERNA,

    Plaintiffs,

v.

FOUR STAR GREENHOUSE, INC., a corporation, and
THOMAS SMITH, an individual,

    Defendants,

v.

VASQUEZ CITRUS & HAULING, INC. a corporation,

    Third-Party Defendant.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action
No: 5:20-CV-11692
Hon. Judith E. Levy

---

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT
## AGREEMENT AND BRIEF IN SUPPORT

The parties, through their undersigned counsel, move this Court for approval

of the settlement reached between Plaintiffs and Defendants, as set forth in the

FLSA Settlement Agreement which is attached as Exhibit A.

**BRIEF IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA
SETTLEMENT AGREEMENT**

## TABLE OF CONTENTS

STATEMENT OF THE ISSUE PRESENTED ......................................................... iii

CONTROLLING AND MOST APPROPRIATE AUTHORITY ........................... iv

I.   INTRODUCTION ...............................................................................1

II.  SUMMARY OF RELEVANT FACTS ................................................1

III. ARGUMENT ......................................................................................4

A.   The settlement is a fair and reasonable resolution of a bona fide dispute ..........4

1.   There is a bona fide dispute between the parties. ...............................................5

2.   The settlement is fair and reasonable. ...............................................6

B.   The Service Awards are appropriate based on Named Plaintiffs' active
involvement in the litigation. ....................................................................11

C.   The Proposed Attorneys' Fees and Costs are Reasonable ................................13

1.   Plaintiffs' Counsel's hours figure is reasonable .................................................14

2.   The hourly rates sought by Plaintiffs' Counsel are reasonable. ........................17

3.   The costs sought are reimbursable. ...............................................20

IV. CONCLUSION ...............................................................................21

## STATEMENT OF THE ISSUE PRESENTED

Whether the proposed settlement of Plaintiffs' claims for unpaid minimum wages and liquidated damages under the Fair Labor Standards Act (FLSA) represents a fair and reasonable resolution of a bona fide dispute such that this Court should grant the Parties' joint motion for approval of the proposed settlement.

# CONTROLLING AND MOST APPROPRIATE AUTHORITY

## Cases

*Ali v. Piron, LLC*, No. 17-11012, 2019 U.S. Dist. LEXIS 63229, (E.D. Mich. Apr. 12, 2019) ........................................................................................................................4

*Barr v. Celeveland Metroparks*, No. 1:17-cv-1390, 2018 WL 692025, (N.D. Ohio Feb. 2, 2018) ...............................................................................................................6

*Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498 (6th Cir. 2006) ........................................................................................................................18

*Miller v. Lewis Manor Homes, Ltd.*, No. 18-13369, 2019 U.S. Dist. LEXIS 222194 (E.D. Mich. Dec. 30, 2019) ...........................................................................18

*Osman v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 WL 2095172 (N.D. Ohio May 4, 2018) ..........................................................................................................12

*Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613 (6th Cir. 2021) 14

*Rivera Santiago v. Wm. G. Roe & Sons, Inc.,* 2010 WL 2985697 (M.D. Fla. 2010) *report and recommendation adopted as mod sub nom Rivera Santiago v. Wm. G. Roe & Sons, Inc.,* 2010 WL 2985695 (M.D. Fla. 2010) ........................16

*Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400 (E.D. Mich. Jan. 12, 2015) ...............................................................................................7

*Westley v. CCK Pizza Co., LLC*, No. 18-13627, 2019 WL 5653403 (E.D. Mich. Oct. 31, 2019) ...................................................................................................9, 13

*Whitfield v. Trinity Rest. Grp., LLC*, No. 18-10973, 2019 U.S. Dist. LEXIS 182055 (E.D. Mich. Oct. 3, 2019) ................................................................. 5, 10, 13, 20

*Williams v. Glob. Appliances, LLC*, No. 19-12114, 2020 U.S. Dist. LEXIS 150865 (E.D. Mich. Aug. 20, 2020) .................................................................................9

*Zambrano v. Motorcity Burger Co.*, No. 17-cv-10295, 2017 WL 1477111 (E.D. Mich. Apr. 25, 2017) ...............................................................................................4

**Statutes**

216(b) ...........................................................................................................6

29 U.S.C. §§ 206 ........................................................................................6

# I.  INTRODUCTION

The Parties jointly move for approval of the concurrently filed settlement of Plaintiffs' claims for unpaid minimum wages and liquidated damages under the Fair Labor Standards Act (FLSA). As detailed below, the proposed settlement is the result of over a year of zealous litigation and arms-length negotiations before an experienced employment-law mediator. The proposed agreement provides for payment of the Named and Opt-in Plaintiffs' alleged unpaid minimum wages and liquidated damages in full. Further, the proposed attorneys' fees were negotiated and then calculated using an agreed-upon measure of the hours Plaintiffs' counsel reasonably spent on the claims at issue, utilizing well-established rates within this District. The parties therefore request that the Court find that the proposed FLSA settlement is fair and reasonable under the FLSA and grant their motion for approval.

# II. SUMMARY OF RELEVANT FACTS

The Named Plaintiffs are migrant farmworkers from Mexico who came to the United States to work on H-2A agricultural visas. They filed this case on June 25, 2020, asserting violations of the FLSA's minimum wage and retaliation provisions, the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), and the Trafficking Victims Protection Reauthorization Act (TVPRA), as well as various state-law claims. ECF No. 1, PageID.1-33. In relevant part, the

1

Named Plaintiffs alleged that they and other similarly-situated employees were not properly reimbursed for inbound and/or outbound travel-related expenses and during several weeks of work, and that at times they went without any pay at all. *Id.* at PageID.12-15. The Named Plaintiffs alleged that Defendants jointly employed them with a farm labor contractor, and alleged that Defendants were jointly and severally liable for back wages and liquidated damages under the FLSA. *Id.* at PageID.6-20.

Defendants moved to dismiss all of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6). ECF No. 18, Page ID.124-170. The Court denied the motion as to the FLSA, AWPA and state-wage law claims and granted dismissal of the TVPRA and unjust enrichment claims. ECF No. 39, PageID.470-543. The Court requested supplementary briefing on Plaintiffs' claim for breach of contract (*Id.* at PageID.470-543), which Plaintiffs filed on January 26, 2021 (ECF No. 40, PageID.544-566), and Defendants filed on February 9, 2021 (ECF No. 42, PageID.582-598). The Court has not yet ruled on the motion to dismiss the breach of contract claim.

Thereafter, the parties filed a stipulated order for conditional certification of the FLSA wage claims as a collective action under 29 U.S.C. § 216(b), which the Court approved. ECF No. 41, PageID.568-581. Two individuals filed their Consent to Join as opt-in plaintiffs during the six-month notice period. ECF No. 46,

PageID.622-623; ECF No. 47, PageID.624-625. The parties exchanged written discovery, including responses from each Named Plaintiff to Defendants' interrogatories, requests for admission and document requests. *See* Ex. B, Declaration of Anna Hill Galendez (hereinafter Hill Galendez Decl.), ¶¶ 7, 15.

The parties agreed to privately mediate with Attorney Kathleen Bogas on August 6, 2021 and came to a tentative settlement. Ex. B, Hill Galendez Decl., ¶ 16. On September 15, 2021 the parties appeared at a status conference before the Court to discuss their intention to file a joint motion for approval of a settlement of the FLSA minimum wage claims (Count I), while entering into a separate confidential agreement on all remaining claims. 9/15/2021 Minute Entry.

The parties have agreed to a settlement of the FLSA minimum wage claims in the total gross amount of $94,608.38, as follows:

| | |
|---|---|
| Total gross wage and liquidated damages payment: | $40,608.38 |
| Total service awards payment: | $24,000.00 |
| Attorneys' fees: | $26,648.66 |
| Costs: | $3,351.34 |

*See* Ex. A, FLSA Settlement Agreement. The parties agree that the amounts allocated to Plaintiffs represents full payment of the alleged unpaid minimum wages and associated liquidated damages under the FLSA, 29 U.S.C. § 216(b). *See* Ex. B, Hill Galendez Decl., ¶ 3.

3

### III.   ARGUMENT

**A. The settlement is a fair and reasonable resolution of a bona fide dispute.**

"Judicial approval of settlement agreements in FLSA cases is necessary for an agreement to be enforceable." *Zambrano v. Motorcity Burger Co.*, No. 17-cv-10295, 2017 WL 1477111, at *1 (E.D. Mich. Apr. 25, 2017). Approval requires the court to find that the settlement represents a "'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Id.* (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

Factors the Court may consider in its fairness determination include: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Ali v. Piron, LLC*, No. 17-11012, 2019 U.S. Dist. LEXIS 63229, at *1-2 (E.D. Mich. Apr. 12, 2019), Ex. L (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). In an FLSA collective action, the Court may also consider factors applicable to review of class action settlements, including: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood

of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *See, e.g.*, *Whitfield v. Trinity Rest. Grp., LLC*, No. 18-10973, 2019 U.S. Dist. LEXIS 182055, at *5-6 (E.D. Mich. Oct. 3, 2019) Ex. N.

These factors establish that the proposed agreement represents a fair and reasonable resolution of a bona fide dispute under the FLSA.

### 1.  There is a bona fide dispute between the parties.

This case presents a bona fide dispute between the Parties regarding both liability and damages for Plaintiffs' wage claims under the FLSA. Plaintiffs allege that Defendants jointly employed them along with the farm labor contractor who recruited Plaintiffs to work at Four Star, and that Defendants are jointly and severally liable for back wages and liquidated damages under the FLSA. ECF No.1, PageID.6-20. Defendants dispute any FLSA liability and assert that they were not Plaintiffs' employers under the FLSA. ECF No.18, PageID.16-30. Although the Court denied Defendants' motion to dismiss Plaintiffs' FLSA wage claims at the pleading stage, Plaintiffs would still need to establish Defendants' joint-employer status on summary judgment or at trial, and Defendants would vigorously dispute any liability under the FLSA.

Even assuming liability under the FLSA, the parties disagree regarding damages. Plaintiffs have calculated the amounts they allege they are owed under

the FLSA based on the work weeks they allege they were not paid and their estimated inbound and outbound travel expenses. *See* Ex. B, Hill Galendez Decl., ¶ 3. Because these amounts are based on Plaintiffs' own records and recollections of the pay they received from Defendants' farm labor contractor, however, Defendants would challenge those amounts at trial and they would be subject to credibility determinations by the finder of fact. *See id*., ¶¶ 3-4.

Accordingly, there is a bona fide dispute between the parties. *See, e.g.*, *Barr v. Celeveland Metroparks*, No. 1:17-cv-1390, 2018 WL 692025, at *2 (N.D. Ohio Feb. 2, 2018) (finding bona fide dispute where plaintiffs alleged they performed work without pay and defendants asserted plaintiffs were paid in compliance with the FLSA).

## 2.  The settlement is fair and reasonable.

The applicable factors likewise establish that the settlement is a fair and reasonable resolution of Plaintiffs' FLSA wage claims.

<u>Range of recovery</u>: Most importantly, the parties agree that— notwithstanding their dispute over the extent of Plaintiffs' damages—the settlement provides payment in full of the Plaintiffs' alleged unpaid wages and liquidated damages under the FLSA's minimum wage provisions, 29 U.S.C. §§ 206, 216(b); *see* Ex. B, Hill Galendez Decl., ¶ 3. The agreement to pay all alleged wage damages weighs in favor of finding that the settlement is fair and reasonable.

*See*, *e.g.*, *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *2 (E.D. Mich. Jan. 12, 2015). Indeed, "once the parties have agreed that Plaintiff will receive every penny he [or she] is entitled to under FLSA and that compensation will not be diluted by attorneys['] fees or costs or other such provisions, the Court's review responsibilities under *Lynn's Food* are done." *Kunkle v. Q-Mark, Inc.*, No. 3:13-cv-82, 2013 WL 6913250, at *3 (S.D. Ohio Dec. 30, 2013) (quoting *Gentrup v. Renovo Services, LLC*, No. 1:07CV430, 2011 WL 2532922, *1 (S.D. Ohio Jun. 24, 2011)). Even if the Court were required to address the other fairness factors, however, those factors establish that the proposed agreement is fair and reasonable, as explained below.

Avoiding burden and expense of establishing claims and defenses: Were this case to proceed in litigation, the parties would have to establish the merits of their respective positions. Plaintiffs would need to prove that Defendants jointly employed them under the applicable FLSA joint-employment standard. *See Acosta v. Off Duty Police Servs., Inc.,* 915 F.3d 1050, 1055 (6th Cir. 2019). Plaintiffs would also be required to present evidence of their uncompensated hours worked and unreimbursed travel expenses. Defendants likewise would face the burden of challenging the merits of Plaintiffs' wage claims, including Defendants' status as joint employers. Defendants would also potentially need to establish applicable affirmative defenses, including, for example, that they acted in good faith and thus

are not liable for liquidated damages. *See* 29 U.S.C. § 260. The proposed

settlement thus saves the parties significant discovery, motion and trial costs

associated with establishing their claims and defenses.

Seriousness of litigation risk:  The parties face significant risks on both

sides. As noted above, Plaintiffs' claims for back wages and liquidated damages

turn on their ability to establish Defendants' status as joint employers under the

FLSA. Even if they can establish liability, Plaintiffs' also face the risk of proving,

through their own testimony and the limited documentary evidence available, the

scope of their damages, including the hours for which they were not paid and the

work-related travel expenses for which they were not reimbursed. Defendants face

the risk that they will be found to be joint employers jointly and severally liable for

the Plaintiffs' alleged wage violations, and that Plaintiffs will be able to prove the

full extent of their alleged damages. Resolving the case at this stage thus avoids

serious litigation risks for all parties.

Arm's-length negotiations between experienced counsel: The proposed

settlement was the product of a full-day mediation with Attorney Kathy Bogas, a

well-regarded employment law mediator and former President of the National

Employment Lawyers' Association. *See*

https://www.kbogaslaw.com/attorney_bios.html; Ex. K, Declaration of Courtney

Nichols, ¶¶ 6-8 (hereinafter "Nichols Decl."). Plaintiffs and Defendants had

8

experienced counsel throughout the litigation and at the mediation. Plaintiffs'
counsel collectively have decades of experience representing the interests of
farmworkers and other low-wage workers. *See* Ex. B, Hill Galendez Decl., ¶¶ 24-
43; Ex. E, Declaration of Martha Olivia Villegas, ¶¶ 4-13 (hereinafter "Villegas
Decl."); Ex. H, Declaration of Benjamin R. Botts, ¶¶ 4-12 (hereinafter "Botts
Decl."). Defendants' attorneys are likewise litigators with significant employment
law experience in federal and state courts in Michigan. *See* Ex. K, Nichols Decl.,
¶¶ 3-4. The settlement was therefore the product of arms-length negotiations
between experienced counsel. *See, e.g.*, *Williams v. Glob. Appliances, LLC*, No.
19-12114, 2020 U.S. Dist. LEXIS 150865, at *3 (E.D. Mich. Aug. 20, 2020), Ex.
O (finding that settlement was fair and reasonable product of arms-length
negotiations where parties negotiated with neutral mediator and were represented
experienced counsel throughout litigation); *Westley v. CCK Pizza Co., LLC*, No.
18-13627, 2019 WL 5653403, at *3 (E.D. Mich. Oct. 31, 2019) (holding that use
of mediation supported finding of arm's-length negotiations).

Risk of fraud or collusion: Given the parties' zealous litigation of this case
since filing and use of a neutral, experienced mediator to negotiate a resolution, the
Court can be confident that the parties have not engaged in fraud or collusion to
reach a settlement. *See*, *e.g.*, *Westley*, 2019 WL 5653403, at *3 (noting that use of
neutral mediator "virtually assures" that a settlement is not the product of

9

collusion) (quoting *Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007))).

Class-action factors:  The relevant class-action settlement factors likewise support approval of the proposed FLSA settlement. *See Whitfield*, 2019 U.S. Dist. LEXIS 182055, at *5-6.

As noted above, the parties' use of a neutral mediator and their aggressive litigation of this case, including at the motion to dismiss stage and through written discovery, establish that there is no risk of fraud or collusion. Given that the parties' legal theories have been tested at the motion to dismiss stage and they have exchanged significant written discovery, they can fairly assess their relative likelihood of success on the merits. *See* Ex. B, Hill Galendez Decl., ¶¶ 13, 15. The parties agree that they all face significant litigation risk should the case proceed. *See id.*, ¶ 4. Continuing to litigate the case would impose significant expenses on the parties in both attorneys' fees and costs, including the cost of numerous depositions, motion practice and trial preparation. *See id*. In addition to the six Named Plaintiffs, the two opt-in Plaintiffs have also agreed to the proposed FLSA settlement, demonstrating that they believe it represents a reasonable resolution of their minimum-wage claims. Plaintiffs' counsel likewise views the Proposed Settlement as fair and reasonable, given that it provides for full payment of Plaintiffs' alleged unpaid minimum wages and liquidated damages and a

reasonable amount in the attorneys' fees and costs. *See* Ex. B, Hill Galendez Decl., ¶ 3, 51. The parties thus agree that resolving the case at this stage is in the public interest.

Finally, because any absent employees' rights are not affected by the proposed FLSA settlement, the Court need not be concerned that any allegedly similarly situated, but absent, employee might object to approval. Unlike a Rule 23 class action settlement, the proposed FLSA settlement does not, and legally cannot, bind any employee who meets the proposed class definition but who has not opted into the case as a party plaintiff under 29 U.S.C. § 216(b). Collective actions under the FLSA are "a fundamentally different creature than the Rule 23 class action" because "no person will be bound by or may benefit from judgment" under the FLSA without affirmatively opting into the action. *Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1249 (11th Cir. 2003) (citing *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)).

The Court should therefore find that the proposed FLSA settlement is fair and reasonable.

**B. The Service Awards are appropriate based on Named Plaintiffs' active involvement in the litigation.**

The proposed service awards for the six Named Plaintiffs are also justified. "Service or incentive awards serve the important purpose of compensating

11

plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs." *Osman v. Grube, Inc*., No. 3:16-cv-00802-JJH, 2018 WL 2095172, at *2 (N.D. Ohio May 4, 2018). The Named Plaintiffs actively participated in the litigation and the negotiation of the proposed FLSA settlement agreement. *See* Ex. B, Hill Galendez Decl., ¶¶ 6-10. They provided the factual basis for the lawsuit and background information about their employment and Defendants' policies and practices. *Id*., ¶ 6. They reviewed the complaint and provided responses to Defendants' interrogatories, requests for admission and document requests. *Id*., ¶¶ 6-7. Two of the Named Plaintiffs also served as representatives at the full-day mediation that led to this proposed settlement agreement. *Id*., ¶ 9. Since the mediation, the Named Plaintiffs have continued be actively involved with finalizing of the terms of this Proposed FLSA settlement and in ensuring the Settlement was fair to the Opt-In Plaintiffs. *Id.*, ¶ 10.

The awards are also appropriate given the substantial risks the Named Plaintiffs faced in publicly pursuing a FLSA collective action in their names. *See, e.g.*, *Sewell v. Bovis Lend Lease LMB, Inc*., 2012 WL 1320124, at *14-15 (S.D.N.Y. Apr. 16, 2012) (approving $10,000 and $15,000 service awards to named plaintiffs who "risked potential exposure of jeopardizing future employment by joining this suit . . . . [and] risk[ed] . . . being blacklisted as

'problem' employees"). The Named Plaintiffs in this case faced public exposure of their immigration histories and the associated risk to future employment opportunities. *See* Ex. B, Hill Galendez Decl., ¶ 5.

The proposed service awards are consistent with those approved in wage and hour actions by courts in this District. *See, e.g., McFarlin v. Word Enters., LLC*, No. 16-cv-12536, 2020 WL 2745300, at *2 (E.D. Mich. May 27, 2020) (approving service awards of $10,000 and $5,000 to named plaintiffs); *Whitfield*, 2019 U.S. Dist. LEXIS 182055, at *9 (approving service award of $5,000 for named plaintiff who "spent time with counsel investigating the claims, assisted with drafting and reviewing her complaint, and actively participated in the litigation and settlement process"); *Westley*, 2019 WL 5653403, at *3 (approving service award of $5,000 to named plaintiff who "provid[ed] background information about his employment, about Defendants' policies and practices, and about the allegations in this lawsuit, discussed case strategy, and assisted in ensuring the settlement [was] fair to the Collective Members.").

For these reasons, the Court should approve the proposed service awards of $4,000 for each Named Plaintiff.

## C. The Proposed Attorneys' Fees and Costs are Reasonable

The FLSA provides that if the court enters judgment for the plaintiff on a claim of unpaid minimum wages, "[t]he court in such action shall . . . allow a

reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The award of reasonable fees and costs to a prevailing plaintiff is "mandatory" under the FLSA. *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021). The court uses the lodestar method to evaluate the reasonableness of proposed fees. *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)). To calculate the lodestar, the court multiplies counsel's reasonable hourly rates by the hours reasonably expended on the case. *Id.* (citing *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013)).

### 1. Plaintiffs' Counsel's hours figure is reasonable

The total hours for which Plaintiffs' counsel is seeking fees, detailed in the concurrently filed declarations, represents a fraction of the billable hours they reasonably spent on the FLSA wage claims in this case. *See* Ex. B, Hill Galendez Decl. ¶ 20-23; Ex. E, Villegas Decl. ¶¶ 19-21; Ex. H, Botts Decl. ¶¶ 17-19. Plaintiffs' counsel ensured that they were only billing for tasks that are billable in this District, including not billing for internal meetings or calls. *See* Ex. B, Hill Galendez Decl., ¶ 22; Ex. E, Villegas Decl., ¶ 20; Ex. H, Botts Decl., ¶ 17. Further, to the extent that particular time entries related only to a claim other than the FLSA minimum wage claims (for example, time spent briefing the Plaintiffs' contract

claim), Plaintiffs are not seeking fees for that time.[1] *See* Ex. B, Hill Galendez Decl., ¶ 22; Ex. E, Villegas Decl., ¶ 20; Ex. H, Botts Decl., ¶ 17.

Although this case is in a relatively early stage of litigation, given the early motion practice and the particular nature of the case, Plaintiffs have devoted considerable time to the litigation. Plaintiffs opposed Defendants' motion to dismiss. *See* Ex. B, Hill Galendez Decl., ¶ 13. They have also propounded and responded to extensive written discovery requests, reviewed Defendants' document production, and engaged with Defendants in a meet-and-confer process (in lieu of filing a motion to compel under Fed. R. Civ. P. 37) to ensure the completeness of Defendants' document production and interrogatory responses. *See* Ex. B, Hill Galendez Decl., ¶ 15. Plaintiffs also spent significant time providing notice, in both the United States and Mexico, to Defendants' current and former employees about

---

[1] The vast majority of the time Plaintiffs' counsel spent on the case, however, cannot be so easily segregated between claims. As in any litigation where "several claims arise from a common core of facts, '[m]uch of counsel's time [was] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822-23 (6th Cir. 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Because all Plaintiffs' claims arise from the same nucleus of facts, they should not be treated as distinct when calculating fees. *Id.* at 823 (citing *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.,* 421 F.3d 417, 423 (6th Cir. 2005)); *see, e.g.*, *Jordan v. City of Cleveland*, 464 F.3d 584, 603-04 (6th Cir. 2006) (holding that plaintiff's success on only some Title VII claims still entitled him to full fees).

their right to opt into the action under 29 U.S.C. § 216(b). *See id*. at 14; Ex. H, Botts Decl., ¶ 21.

In addition, the proposed attorneys' fees do not include time billed since the parties' mediation on August 6, 2021. *See* Ex. B, Hill Galendez Decl., ¶ 21; Ex. E, Villegas Decl., ¶ 20; Ex. H, Botts Decl., ¶ 17. Since then, Plaintiffs' counsel have dedicated significant time to negotiating, drafting and finalizing the proposed FLSA settlement; translating the agreement into Spanish and explaining it to Plaintiffs; facilitating Plaintiffs' signing of the agreement abroad; and preparation of this motion, brief, and exhibits. *See* Ex. B, Hill Galendez Decl., ¶ 17. If the Court approves the proposed Agreement, Plaintiffs' counsel will further be responsible for ensuring the funds are distributed and accessible to each Plaintiff, in various rural areas of Mexico, according to the Agreement's terms. *See id.*, ¶ 18.

Named Plaintiffs' status as migrant workers residing in Mexico also contributed to the time Plaintiffs' counsel has dedicated to their representation. "The transient nature of migrant workers, their lack of resources, and their limited English-speaking skills increases the time and effort needed to maintain contact and gather information and makes legal representation challenging." *Rivera Santiago v. Wm. G. Roe & Sons, Inc.,* 2010 WL 2985697, at *4 (M.D. Fla. 2010) *report and recommendation adopted as mod sub nom Rivera Santiago v. Wm. G. Roe & Sons, Inc.,* 2010 WL 2985695 (M.D. Fla. 2010) (citing *Gooden v.*

16

*Blanding*, 686 F.Supp. 896 (S.D. Fla. 1988)). Plaintiffs' counsel have spent significant time and effort to maintain communication with Plaintiffs, who reside in rural areas of Mexico with unreliable access to phone, internet, printing and postal services. *See* Ex. E, Villegas Decl. ¶ 16. Plaintiffs also work jobs that often require them to travel and work long, unpredictable hours, in areas without phone or internet access, which has generated considerable work coordinating communications with Plaintiffs. *See id*. Counsel also needed to provide Spanish interpretation and translation of all communications (including interpretation during the mediation that led to this agreement) and pleadings to ensure that the Plaintiffs, who do not speak English, could understand them. *See* Ex. B, Hill Galendez Decl., ¶ 12.

For these reasons, the Court should find that Plaintiffs' counsel's proposed hours are reasonable.

## 2.  The hourly rates sought by Plaintiffs' Counsel are reasonable.

The rates that Plaintiffs are requesting are likewise reasonable for this legal market, the nature of this litigation and counsel's experience and expertise.[2] The

---

[2] The requested hourly rates, as discussed in the concurrently filed declarations, are: $400 for attorney Mary Bauer (31 years of practice); $350 for attorneys Benjamin Botts and Kara Moberg (11 years of practice); $310 for attorneys Martha Olivia Villegas (11 years of practice), Anna Hill (8 years of practice), Diana Marin (9 years of practice), and Gonzalo Peralta (10 years of practice); $265 for attorneys Julie Pittman and Abigail Kerfoot (between 0-1 year of practice); and $100 for paralegals and law clerks.

relevant community is the Eastern District of Michigan and the "prevailing market

rate" is the "'rate which lawyers of comparable skill and experience can expect to

command'" in this District. *Miller v. Lewis Manor Homes, Ltd.*, No. 18-13369,

2019 U.S. Dist. LEXIS 222194, at *4-5 (E.D. Mich. Dec. 30,

2019) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir.

2000)).

      Plaintiffs propose hourly rates in line with those documented in the primary

source that courts in this District use when deciding appropriate rates, the State Bar

of Michigan Economics of Law Practice Survey ("State Bar Survey"). State Bar of

Michigan Economics of Law Practice (2020), *available at*

https://www.michbar.org/file/pmrc/articles/0000156.pdf; *see, e.g.*, *Lamar Adver.

Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 499-500 (6th Cir. 2006)

(affirming use of 2003 Survey in a § 1983 case); *Miller*, 2019 U.S. Dist. LEXIS

222194, at *4-5 (relying on Survey in FLSA case); *Garcia v. Renaissance Global

Logistics*, LLC, 2012 WL 1130543, at *3 (E.D. Mich. 2012) (FMLA case); *Meier

v. Green*, 2007 WL 2909418, at *2 (E.D. Mich. 2007) (Title VII case). In relying

on the Survey, Courts in this District regularly approve hourly rates around the

75th percentile of the market rate. *See, e.g.*, *Miller*, 2019 U.S. Dist. LEXIS 222194,

at *5 (approving proposed fees in FLSA case, that resulted in de facto rate just

under 75th percentile rate identified in Survey); *N. Atl. Operating Co. v. Jingjing*

*Juang*, No. 15-14013, 2018 WL 9812755, at *2-3 (E.D. Mich. May 24, 2018) (approving a rate in the 75th percentile based on years of practice); *Shaw v. AT&T Umbrella Ben. Plan No. 1*, No. 13-cv-11461, 2015 WL 8177654, at *5 (E.D. Mich. Dec. 8, 2015) (approving a rate at or above 75th percentile for "attorneys who have similar experience, practice in this field, and [local] practice").

Rates in the 75th percentile are appropriate here. Plaintiffs' counsel have broad experience and expertise in employment law generally and with FLSA cases involving low-wage workers specifically. Counsel work for three non-profit law firms dedicated to providing legal services to immigrant and migrant communities: the Michigan Immigrant Rights Center (MIRC) and Farmworker Legal Services (FLS) based in Michigan (where this litigation was filed and Plaintiffs allege they were employed by Defendants) and Centro de los Derechos del Migrante, Inc. (CDM) a binational organization based in the United States and Mexico (where Plaintiffs permanently reside). Counsel have extensive experience litigating farmworker and other low-wage worker employment cases at the U.S. Department of Labor, in private practice and at non-profit firms. *See* Ex. B, Hill Galendez Decl., ¶¶ 24-43; Ex. E, Villegas Decl., ¶¶ 4-13; Ex. H, Botts Decl., ¶¶ 4-12. The proposed rates are conservative particularly when considering that billing rates based on other relevant criteria are generally higher. For example,

the 75th percentile billing rate for six to 10 years of practice is $310, compared to the 75th percentile billing rate for Plaintiffs' side Employment Law which is $400, or the 75th percentile billing rate for Civil Litigation, which is $375. *See* State Bar Survey, p.10.

The Court should therefore approve the proposed hourly rates as reasonable.

**3.  The costs sought are reimbursable.**

As noted above, the FLSA allows plaintiffs to seek reimbursement of their costs in the action.  29 U.S.C. § 216(b). Reimbursable costs include court and mediation fees, travel expenses, collective action notice expenses, and postage. *See, e.g.*, *Whitfield,* 2019 U.S. Dist. LEXIS 18205, at *10 (approving costs including court fees and travel, postage and settlement administration costs); *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *22 (S.D. Ohio Sep. 9, 2016) (approving costs including filing and service fees, postage, and mediation-related travel expenses); *Landsberg v. Acton Enters*., No. C2-05-500, 2008 U.S. Dist. LEXIS 51544, at *10 (S.D. Ohio June 16, 2008) (approving, *inter alia*, filing and service fees, travel and collective action notice costs as "reasonable and necessary to the prosecution of the case").

Plaintiffs' counsel have incurred $3,351.34 in recoverable costs to date, which include, *inter alia*, the filing fee, costs related to giving notice

of the collective action to allegedly similarly situated employees, and costs related to mediation. *See* Ex. B, Hill Galendez Decl., ¶¶ 48-50; Ex. E, Villegas Decl., ¶¶ 24-25; Ex. H, Botts Decl., ¶¶ 20-23. Although Plaintiffs expect to incur additional costs related to the distribution of settlement, they are seeking only reimbursement of costs already incurred. *See* Ex. B, Hill Galendez Decl., ¶ 49.

## IV.   CONCLUSION

For the foregoing reasons, the Court should approve the Parties' motion to approve the proposed FLSA settlement.

Respectfully submitted,                              Dated:

**MICHIGAN IMMIGRANT RIGHTS**         **FARMWORKER LEGAL SERVICES**
**CENTER**
*/s/ Anna Hill Galendez*                              */s/ M. Olivia Villegas*
Anna Hill Galendez (P78632)                      M. Olivia Villegas (P83628)
ahill@michiganimmigrant.org                      ovillegas@farmworkerlaw.org
Diana E. Marin (P81514)                             Kara Moberg (P73820)
dmarin@michiganimmigrant.org                  kmoberg@farmworkerlaw.org
15 S Washington Street, Suite 201               350 E. Michigan Avenue, Suite 310
Ypsilanti, MI 48197                                    Kalamazoo, MI 49007
Telephone: (734) 239-6863                         Telephone: (269) 492-7190
Facsimile: (734) 998-9125                          Facsimile: (269) 492-7198

**CENTRO DE LOS DERECHOS DEL MIGRANTE, INC.**
*/s/ Benjamin Richard Botts*
Benjamin Richard Botts
California Bar No. 274542
ben@cdmigrante.org
822 Guilford Ave #970
Baltimore, MD 21202
Telephone: (855) 234-9699
Facsimile: (443) 817-0806

*Attorneys for Plaintiff*

**PLUNKETT COONEY**
BY: */s/ Courtney Nichols*
Courtney Nichols (P75160)
Patrick Lannen (P73031)
Kelly Shefferly (P83036)
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Telephone:  (248) 901-4000
Facsimile: (248) 901-4040
cnichols@plunkettcooney.com
plannen@plunkettcooney.com
kshefferly@plunkettcooney.com

*Attorneys for Defendants/Third-Party Plaintiff*